IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN HENRY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-993-D |
| ) | [WO] |
| ) | |
| WENDY ROBERTSON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ben Henry Mitchell ["Mitchell"], a county inmate, asserts that the defendants are violating his constitutional rights because they refuse to adequately stock the store at the Coosa County Jail.

Upon review of the complaint, the court concludes that dismissal of this case is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Mitchell complains that the defendants have failed to maintain an adequate stock of items in the inmate store, thereby restricting his ability to purchase desired products for his personal use. *Plaintiff's Complaint* at 3-4. This allegation entitles the plaintiff to no

---

[1] An inmate who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). The ability to purchase items from a jail store is a mere privilege afforded to inmates which does not warrant protection under the Constitution. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, the actions about which Mitchell complains provide no basis for relief under § 1983 and the instant complaint is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before November 7, 2005 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE